UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITY SCHMIDT, | No. 2:23-cv-01669-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; BRIAN GORATH; and DOES 1–100, | |
| Defendants. | |

This matter is before the Court on Plaintiff Charity Schmidt's ("Plaintiff") Motion for Remand and Request for Attorneys' Fees. (ECF No. 4.) Defendants Travelers Property Casualty Company of America and Brian Gorath (collectively, "Defendants") filed an opposition. (ECF No. 5.) Plaintiff filed a reply. (ECF No. 7.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///
///
///
///
///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case concerns an insurance claim Plaintiff filed with Defendant Travelers Property Casualty Company of America ("Travelers") in 2021. (ECF No. 1 at 15–40.) Plaintiff is a citizen of California and alleges Defendant Brian Gorath ("Gorath") is also a citizen of California. (*Id.* at 15–16.) Travelers is an insurance company and is a citizen of both New York and Connecticut. (*Id.* at 4.)

In April 2015, Plaintiff was driving for work as traveling pharmaceutical salesperson when another car collided with Plaintiff's car. (*Id.* at 17–18.) The driver of the other vehicle was held liable for the collision and paid Plaintiff damages. (*Id.*) Because Plaintiff was injured while at work, Plaintiff alleges she was entitled to benefits through her employer's workers compensation policy with Travelers for this incident and a previous accident. (*Id.* at 19.)

Per the policy limit, Plaintiff believed she should be awarded $1,849,275.29 and sent several letters to Travelers demanding arbitration. (*Id.* at 19–20.) Travelers did not acknowledge the claim until December 2017. (*Id.*) Over the subsequent five years, Travelers, through its agent, Gorath, subpoenaed Plaintiff's medical records, took Plaintiff's deposition, and conducted arbitration hearings. (*Id.* at 21–24, 36.) At the close of arbitration, Plaintiff asserted to the arbitrator that she was entitled to $4,054,051.81, while Defendants maintained Plaintiff was not entitled to any award. (*Id.* at 24.) In the end, the arbitrator sided with Plaintiff and issued Plaintiff a $3,609,051.80 award. (*Id.* at 25.) As Defendants failed to pay Plaintiff's benefits prior to this arbitration, Plaintiff contends Defendants subjected her to unnecessary discovery and "severe emotional distress." (*Id.* at 21–38.)

On or about June 20, 2023, Plaintiff initiated this action against Defendants in Sacramento County Superior Court. (*Id.* at 29–40.) Plaintiff alleged three causes of action against Defendants: (1) breach of contract against Travelers; (2) breach of the implied covenant of good faith and fair dealing against Travelers and Gorath; and (3) intentional infliction of emotional distress against Travelers and Gorath. (*Id.*) On August 10, 2023, Travelers removed this action to this Court pursuant to 28 U.S.C. § 1441 ("§ 1441"). (*Id.*) In its Notice of Removal, Travelers contends there is complete diversity in this action because Plaintiff is a citizen of California,

2

Travelers is a citizen of both New York and Connecticut, and Gorath — despite being a citizen of California — is a "sham defendant" whose presence cannot defeat diversity. (*Id.* at 4.) On August 24, 2023, Plaintiff filed the instant motion to remand. (ECF No. 4-1 at 5.)

## II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Diversity is determined at the time the complaint is filed and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). For diversity purposes, a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

///

///

### III. ANALYSIS

In moving to remand, Plaintiff argues this Court does not have original jurisdiction over this action because both Plaintiff and Gorath are citizens of California. (ECF 4-1 at 5–10.) Plaintiff also requests the Court award her attorneys' fees should the Court find in her favor. (*Id.* at 10–11.) In opposition, Defendants maintain the Court should disregard Gorath's citizenship because Plaintiff fraudulently joined Gorath to this action to destroy diversity. (ECF No. 5 at 10–18.) The Court will address Plaintiff's request for remand and attorneys' fees in turn.

#### A. <u>Remand</u>

"[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (additional citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Hunter*, 582 F.3d at 1044). In this instant case, Defendants argue under the second theory Gorath "is a 'sham defendant' because there is no possibility that plaintiff can prove a cause of action against him." (ECF No. 5 at 6.)

As discussed above, Plaintiff brings a cause of action against Gorath for intentional infliction of emotion distress ("IIED"). (ECF No. 1 at 37–38.) Defendants argue Plaintiff cannot bring an IIED claim against Gorath because "all his actions were performed within the scope of his employment as a claims adjuster" and "[u]nder California law, if someone acts as the agent of an insurance company, and that agency is disclosed, only the insurer—not the agent—is liable for the agent's acts." (ECF No. 5 at 10–11.) In support, Defendants cite *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) for its proposition that "unless an agent or employee acts

1  as a dual agent . . . she can not be held individually liable as a defendant unless she acts for her
2  own personal advantage." (ECF No. 5 at 12.)

3  However, in *Gardner v. UIUC*, the Ninth Circuit recognized that some California courts
4  have since found that the "agent's immunity rule" is not absolute. 508 F.3d 559, 562 (9th Cir.
5  2007) ("California courts recognize that in some cases, '[a] cause of action for conspiracy will lie
6  against agents and employees of insurers . . .' Accordingly, a California court could conclude that
7  [plaintiff's] action . . . [was not] precluded under the 'agent's immunity rule'. . . .") (internal
8  citations omitted). Indeed, California courts have found that an agent of an insurance company
9  can be held liable for IIED. *Bock v. Hansen*, 225 Cal. App. 4th 215, 232 (2014) ("[IIED] can lie
10 against an insurance adjuster."). Thus, the Court finds there is no obvious failure in Plaintiff's
11 ability to bring an IIED claim against Gorath. *See Lieberman v. Meshkin, Mazandarani*, No. C-
12 96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether
13 Plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility
14 that they may do so."). Given the Court finds there is a possibility that Plaintiff can bring an IIED
15 claim against Gorath, the Court need not and does not address whether Plaintiff can bring a claim
16 against Gorath for breach of the implied covenant of good faith and fair dealing.

17 Accordingly, the Court finds Defendants have not met their burden in establishing
18 fraudulent joinder. Therefore, complete diversity does not exist in this action, and the Court
19 hereby GRANTS Plaintiff's motion to remand.[1]

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

---

27 [1] Given the Court is remanding this action to the Sacramento Court Superior Court, the Court need not and does not address Plaintiff's pending Motion for Judgment on the Pleadings
28 (ECF No. 9) and Motion to Stay Discovery (ECF No. 15).

B.     Attorneys' Fees

Plaintiff also argues she is entitled to $3,000 in attorneys' fees for bringing the instant motion to remand. (ECF No. 4-1 at 10–11.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decision to award attorney's fees rests within the trial court's discretion and does not require a showing that removal was in bad faith. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The defendant lacks an objectively reasonable basis for removal when the law compelling remand is well established. *Pineda v. Sun Valley Packing, L.P.*, No. 1:21-cv-01265-DAD-EPG, 2021 WL 5755586, at *5 (E.D. Cal. Dec. 3, 2021).

In the instant case, the Court cannot say Defendants "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Although Defendants failed to persuade this Court that Gorath has been fraudulently joined, it is also true that the law surrounding the "agent's immunity rule" is not well established. *Compare Feizbakhsh v. Travelers Com. Ins. Co.*, No. LACV16-02165JAK(EX), 2016 WL 8732296, at *4–6 (C.D. Cal. Sept. 9, 2016) (finding insurance agents, who are acting within the scope of their employment, cannot be held liable for damages resulting from a negligent failure to insure claim), *with Gardner*, 508 F.3d at 562 (finding the "agent's immunity rule" is not absolute).

Accordingly, the Court DENIES Plaintiff's request for attorneys' fees.

///
///
///
///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's Request for Attorneys' Fees. (ECF No. 4.) This case is hereby REMANDED to the Sacramento County Superior Court, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Date:  March 6, 2024

Troy L. Nunley
United States District Judge